Filed 9/8/25

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083552 |
| v. | (Super.Ct.No. RIF1702362) |
| MANUEL WILLIAM GARCIA, | OPINION |
| Defendant and Appellant. | |


APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Dismissed.

Stephanie M. Adraktas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Manuel William Garcia filed a non-statutory postjudgment motion to vacate several fines and fees imposed by the sentencing court at judgment, which the court denied. On appeal, defendant contends the court erred in denying his motion. We dismiss the appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 17, 2018, defendant pled guilty to being a felon in possession of a firearm. (Pen. Code, § 29800, subd. (a)(1), count 3.)[1] Defendant also admitted allegations that he had suffered three prior prison terms (§ 667.5, subd. (b)), one prior serious felony conviction (§ 667, subd. (a)), and one prior strike conviction (§§ 667, subds. (c) & (e), 1170.12, subd. (c)(1)). (*People v. Garcia* (Feb. 7, 2020, E071582) [nonpub. opn.] (*Garcia I*); *People v. Garcia* (July 21, 2021, E076863) [nonpub. opn.] (*Garcia II*).)

A jury subsequently found defendant guilty of assault with a firearm (§ 245, subd. (a)(2), count 1) and found true attached enhancements that he personally inflicted great bodily injury (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)) and personally used a firearm (§§ 12022.5, subd. (a), 1192.7, subd. (c)(8)). (*Garcia I*, *supra*, E071582; *Garcia II*, *supra*, E076863.)

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

The court dismissed one of the prison priors and sentenced defendant to prison for a total term of 23 years four months.[2] The court imposed a booking fee of $514.53, a $300 restitution fine, an $80 court operations assessment, and a $60 criminal conviction assessment fee. (*Garcia I*, *supra*, E071582; *Garcia II*, *supra*, E076863.)

Defendant appealed contending, in pertinent part, that imposition of the $80 court operations assessment (Pen. Code, § 1465.8), the criminal conviction assessment (Gov. Code, § 70373), and the $300 restitution fine (Pen. Code, § 1202.4) without a hearing to establish his ability to pay violated his due process rights. We held that any error was harmless because defendant had the ability to pay the fines and assessments from probable future wages, including prison wages. (*Garcia I*, *supra*, E071582.)

Nevertheless, we reversed and remanded the matter to the trial court to exercise its discretion to determine whether to strike defendant's prior serious felony conviction enhancement; we directed the court to strike the two remaining prior prison term enhancements. (*Garcia I*, *supra*, E071582; *Garcia II*, *supra*, E076863.)

On remand on March 30, 2021, the sentencing court chose not to exercise its discretion to strike the prior serious felony conviction enhancement finding "there are no mitigation circumstances to warrant that." The court struck the remaining prior prison term enhancements, resentencing defendant to 21 years four months of imprisonment. (*Garcia II*, *supra*, E076863.)

---

[2] The court also sentenced defendant to a consecutive four years of imprisonment on a second case and nine years eight months in a third case. (*Garcia II*, *supra*, E076863.)

3

Defendant appealed. Defendant's counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Defendant failed to file a supplemental brief after we offered him the opportunity to do so. We affirmed. (*Garcia II*, *supra*, E076863.)

On December 6, 2023, defense counsel filed a motion to vacate the $300 restitution fine, the $80 court operations assessment, the $60 conviction assessment, and the $514.68 booking fee. With respect to the restitution fine, defense counsel noted that as of January 1, 2022, Penal Code section 1465.9, subdivision (b) provides that they were no longer enforceable. Counsel argued the court operations and conviction assessments were unconstitutional because no proceedings related to defendant's ability to pay had been held. (*People v. Son* (2020) 49 Cal.App.5th 565; *People v. Dueñas* (2019) 30 Cal.App.5th 1157.) Finally, with respect the booking fee, counsel contended that Government Code section 6111, subdivision (a), had made it unenforceable and uncollectible.

At a hearing on January 22, 2024, the court noted that it believed that it lacked jurisdiction to rule on the motion: "In . . . other cases, . . . I determined I did not have jurisdiction to recall their sentences, and that would include fines and fees. There has to be something that allows the Court to recall it. And the fines and fees imposed at the time were not illegal. The only difference is now they're unenforceable; they're uncollectible. So, I am a bit concerned about my jurisdiction to recall the matter to handle this without the proper legal vehicle here."

Defense counsel responded, "I believe under the AB600, the Court could address this issue." The court replied, "I'm going to consult with some other folks and see if it will be appropriate to just recall it under AB600."

After a pause in the proceedings, the court indicated, "I spoke with some research folks, they tend to agree with me that there is no such thing as a floating post-judgment motion, which means that per the appropriate jurisdiction of the Court, I think this is a Writ procedure." The court posited that a petition for writ of mandate or writ of habeas corpus would be the proper vehicle for challenging the fines and fees. Thus, the court denied "the motion without prejudice to file a Writ."

## II. DISCUSSION

Defendant contends the court erred in denying his motion to strike the restitution fine, the court operations and convictions assessments, and the booking fee because they were unauthorized and must be stricken.

The People concede that defendant is statutorily entitled to vacatur of his booking fee. However, the People argue that defendant's remaining contentions fail because the court lacked jurisdiction to strike the fees, defendant already raised the issues, and this court already rejected them in his first appeal; and defendant forfeited the claims by failing to request an ability to pay hearing, failing to object at his resentencing hearing, and failing to raise the issues in his second appeal. Regardless, the People note that any error is harmless.

5

Defendant replies that the People's concession that the court should have struck his booking fees contradicts their argument that the court lacked jurisdiction to rule on the motion. Defendant maintains the court has jurisdiction to correct an unauthorized sentence at any time under *People v. Codinha* (2023) 92 Cal.App.5th 976. Defendant also contends that the court had jurisdiction under section 1172.1 to consider his motion.

We reject the People's concession and hold that the court below, and this court on appeal, lack jurisdiction in the matter. Therefore, the appeal must be dismissed.

Where a defendant whose conviction is final files a statutorily unauthorized "'freestanding'" petition, both the court below and this court lack jurisdiction to consider the arguments raised therein; thus, the appeal must be dismissed. (*People v. Burgess* (2022) 86 Cal.App.5th 375, 381 ["'[A] defendant who wishes to challenge a sentence as unlawful after the defendant's conviction is final and after the defendant has begun serving the sentence must do more than simply file a motion in the trial court making an allegation that the sentence is legally infirm'"]; *People v. Escobedo* (2023) 95 Cal.App.5th 440, 448-449; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 695-696 [Trial court's act of declining to rule on defendant's statutorily unauthorized petition was not appealable and required that the appeal be dismissed]; *People v. Boyd* (2024) 103 Cal.App.5th 56, 66-71 ["Because the defendant's 'freestanding motion' was 'not a proper procedural mechanism to seek relief,' the court dismissed the appeal . . . ' [Citation.]"]; *People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1124 [Where "the court lack[s]

6

jurisdiction on the only . . . issue raised, the appropriate disposition is dismissal of the appeal"].)

Here, defendant began serving his sentence on October 17, 2018, and his judgment was final when this court issued the remittitur in his second appeal on September 22, 2021.  (*People v. Duenas* (2025) 111 Cal.App.5th 553, 557, review granted July 30, 2025, S291631 [Once the remittitur issues, a defendant's judgment becomes final.].)

Thus, unless defendant could point to any express statutory authorization for reopening his case to allow for the court to vacate the fines and fees of which he complains, the court had no jurisdiction to rule on his motion.  None of the statutory bases identified by defendant in his motion or on appeal gave the court below jurisdiction to do so.  Therefore, neither the court below nor this court have jurisdiction in the matter. The appeal must be dismissed.

Defendant contends that pursuant to *People v. Codinha*, *supra*, 92 Cal.App.5th 976, the court below had jurisdiction to correct clerical errors or unauthorized fines and fees.  However, the fines and fees were not clerical errors and were not unauthorized when the court imposed them.  Moreover, "'the unauthorized sentence doctrine does not itself create jurisdiction for a trial court to rule on an incarcerated defendant's motion to correct an alleged illegal sentence after the conviction is final and after the execution of the sentence has begun.'"  (*People v. Boyd*, *supra*, 103 Cal.App.5th at p. 67.)

In *Boyd*, this court expressly disagreed with *Codinha* and chose to follow the reasoning of *People v. King* (2022) 77 Cal.App.5th 629.  (*People v. Boyd*, *supra*, 103

7

Cal.App.5th at pp. 67-69)  "[T]he availability of habeas corpus relief to correct unauthorized sentences suggests that trial courts do not have inherent jurisdiction to correct such sentences, as habeas corpus relief would be superfluous if a freestanding trial court motion could at any time achieve the same result without the procedural limitations that habeas corpus law imposes."  (*Id.* at p. 68.)

"Absent a compelling reason, the Courts of Appeal are normally loath to overrule prior decisions from another panel of the same undivided district or from the same division."  (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9.)  Moreover, we observe that the court in *Hernandez* also rejected the holding in *Codinha*:  "we agree with the *Boyd* court's reasoning:  the availability of habeas corpus relief to correct an unauthorized sentence suggests trial courts and, for that matter, appellate courts, do not have inherent jurisdiction to correct unauthorized sentences where judgment is final and execution of sentence has begun."  (*Hernandez, supra,* 103 Cal.App.5th at p. 1123.)  We discern no compelling reason to depart from this court's reasoning in *Boyd*.  Rather, we agree with *Boyd* and *Hernadez*.

Defendant's contention that section 1172.1 provided the court below with jurisdiction to strike the fines, fees, and assessments similarly fails.

"As amended, section 1172.1, subdivision (a)(1) now permits a trial court to recall and resentence a defendant 'on its own motion . . . at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law.' . . .  Assembly Bill No. 600 also added section 1172.1,

8

subdivision (c), which specifically provides that '[a] defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond.'" (*People v. Roy* (2025) 110 Cal.App.5th 991, 997 [Where the court declines to exercise any jurisdiction it might have on its own motion to recall and resentence a defendant under section 1172.1, the postjudgment order does not affect the defendant's substantial rights and the appeal must be dismissed.].)

"Assembly Bill [No.] 600 amended the resentencing procedure established by section 1172.1, which pertains to a resentencing commenced upon the court's own motion or recommendation by a party such as a correctional authority or district attorney." (*People v. Dowdy* (2024) 107 Cal.App.5th 1, 10.)

Here, any purportedly relevant relief was not initiated by the California Department of Corrections and Rehabilitation, the court, or the district attorney. Thus, the trial court's ""'order denying [defendant's] motion is nonappealable, and any appeal from such an order must be dismissed.'" [Citation.]" (*People v. Wilson* (2025) 109 Cal.App.5th 198, 202.)[3]

---

[3] In his reply brief, defendant contends that the court's choice to respond to defendant's motion by conducting a hearing on the matter and consider the arguments of counsel, somehow bestowed upon it jurisdiction to grant the motion. However, defendant provides no authority or argument as to how the court's choice to hold a hearing on whether it had jurisdiction to rule on the motion in-and-of itself manifested said jurisdiction. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 [arguments not supported by adequate argument or authority may be deemed forfeited].) Moreover, "'[w]e will not ordinarily consider issues raised for the first time in a reply brief.'" (*Golden Door Properties*, *LLC v. County of San Diego* (2020) 50

*[footnote continued on next page]*

The People contend that changes made by Assembly Bill No. 1869 to Government Code 6111 entitle defendant to vacatur of his booking fee. We disagree.

"Assembly Bill [No.] 1869, which took effect on July 1, 2021, was enacted by the Legislature 'to eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the imposition of administrative fees.' (Stats. 2020, ch. 92, § 2.) Among other things, Assembly Bill [No.] 1869 repealed Government Code sections 29550.1, 29550.2, and 29550.3, which authorized trial courts to impose a criminal justice administration fee, generally known as a booking fee [citation]. (Stats. 2020, ch. 92, §§ 24-26.) It also added Government Code section 6111, which provides: '(a) On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated. [¶] (b) This section shall become operative on July 1, 2021.' [Citation.]" (*People v. Johnson* (2022) 79 Cal.App.5th 1093, 1115-1116.)

Notably missing from Government Code section 6111 is any *postjudgment* procedure by which a defendant himself may file a standalone motion seeking vacatur of a previously, validly imposed booking fee. Rather, in every published case that we could

Cal.App.5th 467, 559 ["'Fairness militates against allowing an appellant to raise an issue for the first time in a reply brief because consideration of the issue deprives the respondent of the opportunity to counter the appellant by raising opposing arguments about the new issue.'"].) Thus, defendant has forfeited this argument.

find, courts have only allowed vacatur of the now unenforceable and uncollectible fines and fees upon direct appeal from a *nonfinal judgment*. (*People v. Rowland* (2022) 82 Cal.App.5th 1099, 1125 [Vacating unpaid balance of abrogated fees on direct appeal from the judgment]; *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 950-954 [same]; *People v. Thompson* (2022) 83 Cal.App.5th 69, 116-117 [same]; *People v. Johnson*, *supra*,79 Cal.App.5th at pp. 1115-1116 [same]; *People v. Greeley* (2021) 70 Cal.App.5th 609, 625-627 [same].)

Thus, again, "'a defendant who wishes to challenge a sentence as unlawful after the defendant's conviction is final and after the defendant has begun serving the sentence must do more than simply file a motion in the trial court making an allegation that the sentence is legally infirm.'" (*People v. Burgess*, *supra*, 86 Cal.App.5th at p. 381 [Where a defendant whose conviction is final files a statutorily unauthorized "freestanding" petition, both the court below and this court lack jurisdiction to consider the arguments raised therein; thus, the appeal must be dismissed].) Therefore, the appeal must be dismissed.[4]

---

[4] The People raise several other objections to defendant's requests for relief, all of which may be well taken. However, because we lack jurisdiction in this matter, we decline to address whether those objections would bar any future potential relief should defendant file the correct procedural vehicle to challenge the fines.

III.  DISPOSITION

The appeal is dismissed.

CERTIFIED FOR PUBLICATION

McKINSTER

Acting P. J.

We concur:

MILLER

J.

FIELDS

J.